**CIVIL DISTRICT COURT FOR ORLEANS PARISH**
**STATE OF LOUISIANA**

NO. 2022 -07275                                          DIVISION

**HURRICANE CASE**



SECTION 12

**DIANE PITRE AND MORRIS BART, LLC**

**VERSUS**

**CHUBB EUROPEAN GROUP SE AND NATIONSTAR MORTGAGE LLC**

FILED:_____          _____

**DEPUTY CLERK**

## PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioners, DIANE PITRE, a

person of the full age of majority and resident of the Orleans Parish, State of Louisiana; and

MORRIS BART, LLC, a limited liability company organized under the laws of the State of

Louisiana, with its sole member domiciled in Orleans Parish, who, with respect, show the Court

as follows:

I.

That made Defendants herein are:

A.     CHUBB EUROPEAN GROUP SE (hereinafter "Homeowner Insurer"), is a foreign

insurance company authorized to do and doing business in the State of Louisiana;

and

B.     NATIONSTAR MORTGAGE LLC (hereinafter "Mortgage Company"), a

corporation organized under the laws of the State of Delaware doing systematic and

continuous business in the State of Louisiana at all relevant times, herein.

That said Defendants are indebted, jointly, severally, and *in solido* to Petitioners for the

following:

II.

That, during all relevant times, herein, Petitioner DIANE PITRE owned immovable

property with improvements, located at 10830 Yardley Road, New Orleans, Louisiana, in the

Parish of Orleans (hereinafter, the "Home"). The Home was Petitioner's primary residence.

III.

Prior to the events described herein, Petitioner mortgaged the Home with Mortgage

Company. Under the terms and conditions of that mortgage agreement, Petitioner executed a

promissory note to repay a loan and secured the loan with a mortgage on the Home. That

CHELSEA SELLERS-RICHARD
CLERK, CIVIL DISTRICT COURT
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504 - 407 - 0000

Receipt Date          8/12/2022 4:45:00 PM
Receipt Number        903831
Cashier               jboe
Register              CDC Cash Register 1
Case Number           2022-07275
Grand Total           $577.50
Amount Received       $577.50
Balance Due           $0.00
Over Payment          $0.00
Payment/Transaction List

Petition for Declara   $444.50   $444.50   $0.00
tory Judgment
Judicial College       $0.50     $0.50     $0.00
Building Fund Fee      $25.00    $25.00    $0.00
Indigent Legal Fee     $10.00    $10.00    $0.00
JSC                    $27.50    $27.50    $0.00
Hurricane Litigation   $70.00    $70.00    $0.00
Additional Filing Fee - CLERK

VERIFIED
08-17-2022

transaction bears loan number 0694914912.  Mortgage Company has not attempted to foreclose on the mortgage securing the loan with the Home.

IV.

Petitioner further shows that, during all relevant times herein, petitioner contracted with Homeowner Insurer to insure the property and its contents against risks of wind and other hurricane-related damage involved herein.   That insurance agreement bears policy number VBWH732555.

V.

That on August 29, 2021, Hurricane Ida made landfall in the Parish of Orleans (hereinafter the "Hurricane") and severely damaged Petitioner's Home and the contents contained therein.

VI.

Following the Hurricane, Petitioner retained Morris Bart, LLC, under contingency fee contracts (attached hereto as Exhibit A) to pursue claims for damages to the Home and its contents. Said contract establishes a lien for attorney's fees in favor of Morris Bart, LLC for a portion of the total amount paid to Petitioner from Homeowner Insurer.

VII.

Petitioner timely notified Homeowner Insurer of all losses, provided sufficient proof of loss under the terms of that policy, and otherwise satisfied all obligations under the insurance agreement.  Specifically, on July 2, 2022, Homeowner Insurer was notified of Morris Bart LLC's representation of Petitioner, and on July 12, 2022, Petitioner provided an itemized estimate of all losses documenting $281,037.30 in damages.

VIII.

Defendant Homeowner Insurer tendered approximately $15,000 in partial satisfaction of losses incurred from the Hurricane (henceforth the "Payment"), to which Petitioners have a legally protectable and tangible interest.  While this is not sufficient to fully repair the Home, it is a much-needed payment to begin work.

IX.

Defendant Mortgage Company contacted the Insurer and demanded to be made a payee on the check to affect the Payment.  Mortgage Company improperly interfered with the claim process pursuant to the insurance agreement between Petitioner and Homeowner Insurer by incorrectly claiming that it was entitled to all proceeds paid for Hurricane damage, even though the Payment

exceeds the monthly amount owed under the mortgage contract.  To do so, Mortgage Company first claimed that its mortgage also establishes a lien in its favor to any claim for damage relating to the property.  Second, Mortgage Company also claimed that its mortgage establishes a separate method of payment for all insurance proceeds relating to Hurricane damage to the Home.  Both of these assertions are false.

X.

As a result of this interference from Mortgage Company, any Payments from Homeowner Insurer will include Mortgage Company as a payee.  Because Mortgage Company will be a payee to the entire amount, Petitioner will be left without any way to use the proceeds to make repairs caused by the Hurricane unless Homeowner Insurer agrees to issue checks without Mortgage Company as a payee, or Mortgage Company agrees to endorse any Payment.

XI.

Petitioner has attempted to reconcile the appropriate payments owed by corresponding with the Mortgage Company.  However, Mortgage Company has refused to agree to the issuance of any checks that can be negotiated by Petitioner and their Attorney, without Mortgage Company.

XII.

Mortgage Company, per its policy, refuses to endorse insurance Payments, and has induced Homeowner Insurer not to issue any check without making Mortgage Company a payee.  Mortgage Company did so without any legal basis in the insurance agreement.  Moreover, Mortgage Company did so despite not being a party to that insurance agreement, without suffering any losses related to the Home from the Hurricane, and without taking any action to put Petitioner in default of the mortgage agreement.

XIII.

Further, even if Petitioner was in default with Mortgage Company—which Petitioner denies—the Mortgage Company has no claim to funds in excess of any actual default and has no legal basis to assert a privilege to the entire proceeds of the Payment, thereby preventing Petitioner from repairing damage from the Hurricane.  Mortgage Company has not suggested a default amount to Homeowner Insurer that would allow for the Payment to be divided into multiple checks to accommodate homeowner's repairs and attorney's fees and costs, as appropriate.

### XIV.

Petitioners show there is a justiciable controversy involving the disputed rights among the parties to this litigation vis a vis the insurance Payment, to which Petitioners are entitled to declaratory judgment pursuant to La. C.C.P. 1871. Specifically, Petitioners are left with worthless payment, and is unable to consummate any repairs to the Home until: 1. The payment is issued without Mortgage Company as a payee, 2. The Mortgage Company agrees to endorse the payment, 3. The Mortgage Company establishes a default has occurred and that it has a superior claim to payment than some parties and the Homeowner Insurer then issues multiple checks among the parties to compensate each, or 4. The rights of the parties to the Payment are otherwise established.

### XV.

Petitioners show that said dispute is of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding the administration and manner of payments, because Payment prevents negotiation of any check or draft until the rights of Petitioners are adjudicated.

### XVI.

Further, Petitioners show that Payment was insufficient to fully compensate all losses suffered to the Home from the Hurricane. In failing to fully compensate Petitioner despite having all proper proof of loss and documentation of $281,037.30 in damages, Homeowner Insurer acted:

A. Arbitrary, capricious, and without probable cause;

B. Without reasonable basis or justification; and

C. In contravention of their duty of good faith and fair dealing.

### XVII.

Defendant Homeowner Insurer has unreasonably refused to pay benefits to its insured and unreasonably delayed payment to its insured that she is entitled to under the terms of the policy causing Petitioner to suffer:

A. Loss of use of property and additional living expenses;

B. Loss of enjoyment of property;

C. Diminution in value of property;

D. Repair and remediation expenses;

E. Mental anguish;

F. Attorney's fees; and

G. Costs of litigation.

XVIII.

Petitioner is further entitled to penalties and attorneys' fees for the defendants' bad faith failure to pay Petitioner's claim and/or to properly adjust this claim, pursuant to La. R.S. 22:1892 and 22:1973.

**WHEREFORE,** Petitioners pray that Defendants CHUBB EUROPEAN GROUP SE and NATIONSTAR MORTGAGE LLC be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after due proceedings had, that there be declaratory judgment rendered herein in favor of Petitioners declaring the proper administration and manner of payment to all named parties to this litigation, and for damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:


MORRIS BART, LLC
ATTORNEY FOR PETITIONER
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA  70130
TELEPHONE:  (504) 599-3216
FACSIMILE:  (504) 910-8563
E-MAIL:  wlongwitz@morrisbart.com


BY: */s/ Will Longwitz*
WILLIAM LONGWITZ, LA BAR NO. 39752


**PLEASE SERVE:**

**CHUBB EUROPEAN GROUP SE**
*Through the Louisiana Secretary of State*
8585 Archives Ave.
Baton Rouge, LA 70809

**NATIONSTAR**
*Through its registered agent*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**ATTORNEY'S NAME:** Longwitz, William F 39752
**AND ADDRESS:** 1615 Poydras Street Suite 1050, New Orleans, LA 70112

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**NO: 2022-07275**          **DIVISION: D**          **SECTION: 12**

**PITRE, DIANE ET AL**

**Versus**

**CHUBB EUROPEAN GROUP SE ET AL**

## CITATION

TO:          CHUBB EUROPEAN GROUP SE

THROUGH:    THE LOUISIANA SECRETARY OF STATE

            8585 ARCHIVES AVE., BATON ROUGE, LA 70809

## YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay

provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for

your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts

Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA August 17, 2022

**Clerk's Office, Room 402**          **CHELSEY RICHARD NAPOLEON, Clerk of**
**Civil Courts Building**             **The Civil District Court**
**421 Loyola Avenue**                 **for the Parish of Orleans**
**New Orleans, LA 70112**             **State of LA**
                                      **by _____**
                                      **Heisser Debbie, Deputy Clerk**

## SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| PETITION FOR DECLARATORY JUDGMENT AND DAMAGES | PETITION FOR DECLARATORY JUDGMENT AND DAMAGES |
| ON CHUBB EUROPEAN GROUP SE | ON CHUBB EUROPEAN GROUP SE |
| THROUGH: THE LOUISIANA SECRETARY OF STATE | THROUGH: THE LOUISIANA SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said CHUBB EUROPEAN GROUP SE being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER          RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

ATTORNEY'S NAME:   Longwitz, William F 39752
AND ADDRESS:   1615 Poydras Street Suite 1050, New Orleans, LA 70112

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2022-07275 | DIVISION: D | SECTION: 12 |
| --- | --- | --- |

### PITRE, DIANE  ET AL

**Versus**

### CHUBB EUROPEAN GROUP SE ET AL

### CITATION

TO:   CHUBB EUROPEAN GROUP SE

THROUGH:   THE LOUISIANA SECRETARY OF STATE

8585 ARCHIVES AVE., BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 17, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by**
**Heisser Debbie, Deputy Clerk**

---

**SHERIFF'S RETURN**
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
| --- | --- |
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PETITION FOR DECLARATORY JUDGMENT AND DAMAGES | PETITION FOR DECLARATORY JUDGMENT AND DAMAGES |
| ON CHUBB EUROPEAN GROUP SE | ON  CHUBB EUROPEAN GROUP SE |
| THROUGH: THE LOUISIANA SECRETARY OF STATE | THROUGH: THE LOUISIANA SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said CHUBB EUROPEAN GROUP SE being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| / ENTERED / | Returned the same day |
| PAPER     RETURN | _____ No. _____ |
| / _____ | Deputy Sheriff of _____ |
| SERIAL NO.     DEPUTY     PARISH | |

**ATTORNEY'S NAME:**  Longwitz, William F 39752
**AND ADDRESS:**  1615 Poydras Street Suite 1050, New Orleans, LA 70112

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**NO: 2022-07275**       **DIVISION: D**       **SECTION: 12**

**PITRE, DIANE ET AL**

**Versus**

**CHUBB EUROPEAN GROUP SE ET AL**

## CITATION

TO:      NATIONSTAR

THROUGH:    ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

             501 LOUISIANA AVENUE, BATON ROUGE, LA 70802

## YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

Petition for Declaratory Judgment PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay

provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for

your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts

Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 17, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _____
**Heisser Debbie, Deputy Clerk**

**SHERIFF'S RETURN**
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| Petition for Declaratory Judgment PETITION FOR DECLARATORY JUDGMENT AND DAMAGES | Petition for Declaratory Judgment PETITION FOR DECLARATORY JUDGMENT AND DAMAGES |
| ON  NATIONSTAR | ON  NATIONSTAR |
| THROUGH: ITS REGISTERED AGENT CORPORATION SERVICE COMPANY | THROUGH: ITS REGISTERED AGENT CORPORATION SERVICE COMPANY |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said NATIONSTAR being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER ~ RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.　　DEPUTY　　PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

**ATTORNEY'S NAME:**   Longwitz, William F 39752
**AND ADDRESS:**   1615 Poydras Street Suite 1050, New Orleans, LA 70112

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| | | |
|---|---|---|
| NO: 2022-07275 | **DIVISION: D** | **SECTION: 12** |
| | **PITRE, DIANE  ET AL** | |

**Versus**

**CHUBB EUROPEAN GROUP SE ET AL**

## CITATION

TO:      NATIONSTAR

THROUGH:   ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

              501 LOUISIANA AVENUE, BATON ROUGE, LA 70802

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Declaratory Judgment PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 17, 2022**

| | |
|---|---|
| **Clerk's Office, Room 402** | **CHELSEY RICHARD NAPOLEON, Clerk of** |
| **Civil Courts Building** | **The Civil District Court** |
| **421 Loyola Avenue** | **for the Parish of Orleans** |
| **New Orleans, LA 70112** | **State of LA** |
| | **by** _Heisser Debbie_ |
| | **Heisser Debbie, Deputy Clerk** |

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Declaratory Judgment PETITION FOR DECLARATORY JUDGMENT AND DAMAGES** | **Petition for Declaratory Judgment PETITION FOR DECLARATORY JUDGMENT AND DAMAGES** |
| ON **NATIONSTAR** | ON **NATIONSTAR** |
| THROUGH: **ITS REGISTERED AGENT CORPORATION SERVICE COMPANY** | THROUGH: **ITS REGISTERED AGENT CORPORATION SERVICE COMPANY** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **NATIONSTAR** being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. _____ |
| _____ / ENTERED / _____ | Deputy Sheriff of _____ |
| PAPER        RETURN | |
| _____/_____/_____ | |
| SERIAL NO.   DEPUTY   PARISH | |